IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE PUPO-CARRERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 03-003 Erie |
| v. ) | |
| ) | Judge McLaughlin |
| WARDEN JOHN J. LAMANNA; ) | Magistrate Judge Lenihan |
| U.S. IMMIGRATION AND ) | |
| NATURALIZATION SERVICE ) | |
| ) | Filed electronically |
| Respondents. ) | |

**RESPONDENTS' SUPPLEMENTAL RESPONSE
TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, come Respondents Warden John J. LaManna and the U.S. Immigration and Naturalization Service (hereinafter referred to as "Respondents")[1] by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant United States Attorney for said district, and supplement their Response to the Petition for Writ of Habeas Corpus with the following:

**I. INTRODUCTION**

Petitioner Jose Pupo-Carrera ("Petitioner") filed a Petition for Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241 on January 3, 2003, in which he alleged that his detention by the Immigration and Naturalization Service ("the INS") was unlawful, in that it violated 8 U.S.C. §1231(a)(6) and his due process rights. As relief, Petitioner requested his release or immediate return to Cuba. At the time he filed the Petition, Petitioner was in the

---

[1] The former U.S. Immigration and Naturalization Service is now U.S. Immigration and Customs Enforcement, which is part of the U.S. Department of Homeland Security.

custody of the INS, and was being housed at the Federal Correctional Institution in McKean County, Pennsylvania.  On March 24, 2003, Respondents filed a Response to the Petition. Following additional briefing, Magistrate Lenihan issued a Report and Recommendation ("R&R") on July 14, 2004, in which she recommended that the Petition be denied.  The R & R was adopted by the District Court on September 17, 2004.

Petitioner appealed the District Court's decision to the United States Court of Appeals for the Third Circuit.  On May 5, 2005, the United States Court of Appeals for the Third Circuit vacated the District Court's Order denying the Petition and remanded the case to the District Court for further consideration in light of the United States Supreme Court's recent decision in Clark v. Martinez, 543 U.S. 371 (2005).  In accordance with the Third Circuit's determination, Magistrate Lenihan ordered Respondents to supplement their Response in light of Clark v. Martinez.  Pursuant to the Court's Order, Respondents submit the following:

## II.  ARGUMENT

Respondents respectfully request that the Petition for Writ of Habeas Corpus be dismissed, because Petitioner has been released from custody and is presently residing in Miami, Florida.  See Declaration of Kent J. Frederick and Order of Supervision, attached hereto as Exhibit A.  Because Petitioner has been released from custody, his Petition is now moot.  See, e.g., United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) (defining mootness as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)," quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)). The general principle of mootness derives from the requirement of

Article III of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy.  Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also, Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them,'" )(citation omitted).   The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate [review] . . . The parties must continue to have a personal stake in the outcome of the lawsuit."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted).   A case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party."  In re Overland Park Fin.Corp., 236 F.3d 1246, 1254 (10th Cir. 2001) (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992), quoting Mills v. Green, 159 U.S. 651, 653(1895)).

      In the instant matter, Petitioner was released from incarceration on February 8, 2005, and is residing under an Order of Supervision in Miami, Florida.  See Exhibit A.   Because he has been released, he has already achieved the object of his Petition -- his release from custody or return to Cuba.  Accordingly, there is no case or controversy for this Court to consider; and it is now "impossible for the court to grant any effectual relief whatever" to Petitioner.  See Overland Park Fin. Corp., 236 F.3d at 1254; see Spencer, 445 U.S. at 17   "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."   Because there is "nothing for [the Court] to remedy," see id., the Petition must be dismissed as moot.

3

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Respondent respectfully requests that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA   15219
(412) 644-3500

## CERTIFICATE OF SERVICE

I hereby certify that I have served this date a copy of the within *Supplemental Response to Petition for Writ of Habeas Corpus*, by mail or electronic filing, upon the following:

Jose Pupo-Carrera
Reg. No. 90326-000
FCI McKean
PO Box 8000
Bradford, PA 16701

Jose Pupo-Carrera
c/o Catholic Charities
7101 Biscayne Blvd.
Miami, FL 33138

    s/   Christy Wiegand
CHRISTY WIEGAND

date:   March 17, 2006