```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

```
JOSE PUPO CARRERA,                  )
                Petitioner,         )   C.A. No. 03-0003E
          v.                        )
                                    )   Judge Sean McLaughlin
JOHN J. LaMANNA, et.al,             )   Magistrate Judge Lenihan
                Respondents.        )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

II.  REPORT

Before the Court is the petition of Jose Pupo Carrera for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges the decision of the Immigration and Naturalization Service (INS)[1] denying his request for discretionary parole and release from INS custody.  For the reasons set forth below, and as requested by Respondent, Petitioner's application for federal habeas corpus relief should be dismissed as moot as he has been released from custody.

By way of background, in June of 1980, Petitioner was released from prison in Cuba and was sent to the United States by the Cuban government as part of the infamous "Mariel Boatlift."

---

[1] The former U.S. Immigration and Naturalization Service is now U.S. Immigration and Customs Enforcement, which is part of the U.S. Department of Homeland Security.

Although denied admission to the United States, Petitioner was conditionally paroled into the United States under Section 212(d)(5) of the Immigration and Nationality Act (INA). In January of 1986, in the Superior Court of Providence County, Rhode Island, Petitioner was convicted of Assault with Intent to Commit Murder and was sentenced to serve six to twenty years incarceration. On March 7, 1988, in the Superior Court of Providence County, Rhode Island, Petitioner was convicted of Delivery of Cocaine and was sentenced to serve four years, concurrent to his previous sentence.

Due to these criminal convictions, on May 4, 1989, INS determined that Petitioner was excludable from the United States and revoked his parole under the authority set forth in 8 C.F.R. § 212.5(d)(2). After a hearing held on July 11, 1995, Petitioner was adjudged an excludable alien and was ordered deported from the United States. Petitioner appealed the decision and on November 15, 1995, the Board Of Immigration Appeals dismissed the appeal and his order of deportation became final.

In June of 2000, pursuant to the Cuban Review Plan,[2] Petitioner was reviewed for parole and it was recommended that he be paroled to a halfway house. On January 8, 2001, Petitioner

---

[2] Because Cuba has refused to take back the Mariel Boatlift Cubans, federal regulations known as the "Cuban Review Plan" (CRP) were promulgated to provide standards and procedures to evaluate parole review for detained Mariel Cubans. See 8 C.F.R. §§ 212.12-13.

was paroled under Section 212.12(b)(1) of the INA and was placed in Riverside Halfway House located in Miami, Florida.  On April 15, 2001, Petitioner's parole was revoked due to his failure to have abided by the conditions of parole and he was placed in federal custody.  On August 24, 2001, Petitioner was transferred to the Federal Correctional Institution at McKean located in Bradford, Pennsylvania.

On April 15, 2002, Petitioner was again interviewed for parole.  Following his interview, the panel members recommended that Petitioner remain in custody for further rehabilitation and education due to their conclusion that Petitioner's responses to questioning were not credible and Petitioner did not assume any responsibility for his past criminal conduct.

On January 3, 2003, Petitioner filed the instant petition for writ of habeas corpus claiming that he is being unlawfully detained by the United States Government.  As relief, Petitioner requested his release or immediate return to Cuba.  On July 14, 2004, I issued a Report and Recommendation recommending that the Petition be denied.  The Report and Recommendation was adopted by the District Court on September 17, 2004.

Petitioner appealed the District Court's decision to the United States Court of Appeals for the Third Circuit.  On May 5, 2005, the United States Court of Appeals for the Third Circuit vacated the District Court's Order denying the Petition and

remanded the case to the District Court for further consideration in light of the United States Supreme Court's intervening decision in Clark v. Martinez, 543 U.S. 371 (2005).

In a Supplemental Answer, Respondents have informed the Court that Petitioner has been released from custody and is presently residing in Miami, Florida. See Declaration of Kent J. Frederick and Order of Supervision, doc. no. 23, Ex. A. Because Petitioner has been released from custody, his Petition is now moot.

In this regard, Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

A petition for habeas corpus relief becomes moot when a prisoner is released from custody. Lane v. Williams, 455 U.S. 624 (1982); Weinstein v. Bradford, 423 U.S. 147 (1975) (holding that prisoner's constitutional challenge to the Parole Board's procedures for determining eligibility for parole became moot upon his complete release from supervision).

In the instant matter, Petitioner was released from incarceration on February 8, 2005, and is residing under an Order of Supervision in Miami, Florida. Because he has been released, there is no case or controversy for this Court to consider and there is no further relief for the court to grant. Consequently, the Petition should be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for

Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                        /s/Lisa Pupo Lenihan
                                        LISA PUPO LENIHAN
                                        United States Magistrate Judge



Dated:     July 21, 2006

cc:        The Honorable Sean J. McLaughlin
           United States District Judge

           Jose Pupo-Carrera
           c/o Catholic Charities
           7101 Biscayne Blvd.
           Miami, FL 33138

           Christy C. Wiegland
           Assistant United States Attorney
           U.S. Post Office & Courthouse
           700 Grant Street, Suite 400
           Pittsburgh, PA 15219